## YEATON *v.* BROWN & A.

Where an award for a gross sum embraces matters not within the submission, or is for a wrong sum by reason of a mistake in computation, if it can be ascertained how much was allowed on what was, and how much on what was not within the submission, or if the mistake in computation can be ascertained, the award may properly be recommitted to the referee for correction, and when corrected, judgment will be rendered upon it.

ASSUMPSIT, by George S. Yeaton against John H. Brown and Charles Warren. The cause was referred to a referee, who made his report to the court, upon which the plaintiff moved for judgment. The depositions of the referee and others were laid before the court for the purpose of showing what was submitted to the referee, and the reasons and grounds of his conclusions.

The court ordered that the report be recommitted to the referee, with directions to deduct and disallow, from the balance found by him as due to the plaintiff, whatever sum the said referee had allowed the plaintiff for " plans," the court being of the opinion that no claim for plans was before the referee; also, to deduct from the amount thus found in favor of the plaintiff the further sum of four dollars and forty cents, for manifest error in the addition of certain items, making up a charge of thirty-five dollars for " extras " allowed to the plaintiff by the referce. The court ordered that the report be recommitted for no other purpose, and that upon its correction in these particulars there should be judgment for the plaintiff.

To these rulings and orders the defendants excepted, for the following reasons:

" 1. Because the court had no power to recommit said report, for the purpose stated in said order.

" 2. Because the order is contrary to law and equity, and cannot be sustained by either.

" 3. Because the court has ordered judgment on the report for a portion of the award of the referee, the finding of the referee in these matters being unsustained by law and equity.

" 4. Because the award is for a gross sum, and the report cannot be recommitted for the purpose of making a different award in part."

At the special request of the defendants, the court transfers the " matters of discretion," if any, by which the rulings and orders of the court may have been controlled.

The report, and the written evidence laid before the court, may be used by either party in argument.

*Stickney*, for the plaintiff.

*Wood*, for the defendants.

BELLOWS, C. J. The matters reserved for the whole court are only the questions raised by the exceptions to the rulings and orders of the court recommitting the report. If there is no error, then judgment must be rendered on the report.

It having been made to appear that a mistake in computation had been made by the referee, and also that he had included in his award an item which was not embraced in the suit referred, it was clearly a proper exercise of discretion to recommit the report, that those errors might be corrected. It is well settled in New Hampshire, that where an award embraces some matter not within the submission, and that can be distinguished from that which is within it, the award will be valid as to the latter, although void as to the other. *Thrasher* v. *Haynes*, 2 N. H. 429 ; *Adams* v. *Adams*, 8 N. H. 92 ; *Richardson* v. *Huggins*, 23 N. H. 113 ; *Chase* v. *Strain*, 15 N. H. 539 ; *Davis* v. *Cilley*, 44 N. H. 450.

The doctrine has even been applied where the suit was upon the

award, and also where the award did not show what was allowed for the matter not included within the submission; but it was made to appear by proof *aliunde*, as in *Davis* v. *Cilley*, and also in *Richardson* v. *Huggins*, before cited.

That being the doctrine, it is eminently proper that in such cases the court should, before rendering judgment, recommit the report to the referee, that he may state what he allowed on matters not submitted, or strike out that part.

Such an application is addressed to the discretion of the court, and the recommitment would be refused where justice did not require it, as was done in *Adams* v. *Adams*, before cited, although the power to send back the report is distinctly recognized. We think, then, that the power to recommit the report for this purpose is unquestionable, and that it was properly exercised in this case.

This disposes of the first, second, and fourth exceptions. As to the third, the position of the defendant's counsel is, that part of the sum allowed by the amended report was inequitable, and ought not to have been allowed on the proofs; and that another part could not, as matter of law, be recovered.

As to the part alleged to be allowed against equity, it is very clear that it is not open to examination here. As to the other part, the referee might, if he chose to do so, decide according to his sense of what justice required, and disregard the strict rules of law. If he had intended to decide according to law and mistook it, and made an award that he would not have made had he known what the law was, the court would set it aside, or correct it. *Davis* v. *Cilley*, 44 N. H. 449, and cases cited. But the court must be clearly satisfied that he would not have made such an award, had he known what the law was. *Bean* v. *Wendell*, 20 N. H. 219; *Piersons* v. *Hobbs*, 33 N. H. 31, where it is laid down that courts of law will never raise a presumption for the sake of overturning an award, but on the contrary will make every reasonable intendment in its support.

On the subject of the intention of the referee, his own testimony upon the question is not very clear. In one deposition, he says that if he had known the law to be against allowing certain items to the plaintiff, he should not have allowed them. At another time, he says if he had known that he was at liberty to disregard the law, and act according to his own sense of justice, he should have allowed those items; and, upon the whole, I think there is nothing in the proofs sufficient to satisfy the court that he would have made a different award had he known what the law was; but the weight of the evidence is the other way. The result is, that the exceptions are overruled, and there must be

*Judgment on the report.*